# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT MICHAEL MARINO** : | |
| **Petitioner** : | **CIVIL ACTION NO. 3:20-0648** |
| v. : | **(JUDGE MANNION)** |
| **WARDEN HOWARD** : | |
| **Respondent** : | |

## MEMORANDUM

Petitioner, Vincent Michael Marino, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his jury conviction and sentence imposed by the United States District Court for the District of Massachusetts, for several racketeering counts. Id. Specifically, Marino claims that the government allegedly withheld exculpatory and impeachment evidence, which he believes will show that government informants arranged for the murder of two individuals. Id. A response (Doc. 6) and traverse (Doc. 19) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

On December 22, 1999, a jury in the United States District Court for the District of Massachusetts (the "sentencing court") convicted Marino of three counts: racketeering in violation of 18 U.S.C. §§2 and 1962(c) (Count One); racketeering conspiracy in violation of 18 U.S.C. §1962(d) (Count Two); and conspiring to murder thirteen people in aid of racketeering in violation of 18 U.S.C. §1959 (Count Three). See, United States v. Carrozza, et al., No. 4:97-cr-40009, Doc. No. 1078. On May 8, 2000, the sentencing court sentenced Marino to a term of incarceration of 420 months followed by three years of supervised release. Id. at 1151. The Court of Appeals for the First Circuit affirmed the judgment. See United States v. Marino, 277 F.3d 11 (1st Cir. 2002).

Marino's subsequent attempts to challenge his conviction were aptly summarized in a recent decision dismissing one of his prior §2241 motions:

> [After his conviction,] Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 on June 30, 2003 in the United States District Court for the District of Massachusetts. Marino v. United States, Case No. 4:03-cv-40143, Doc. No. 1.[1]

---

[1] Among the fifty grounds for relief asserted in numerous documents he filed with the court, Marino claimed outrageous government misconduct, stating that the government withheld exculpatory evidence and information about its cooperating witnesses. Id.

- 2 -

The district court denied petitioner's §2255 motion and the First Circuit affirmed. Id. at Doc. Nos. 23, 34.

Additionally, petitioner has filed a number of petitions under §2241 seeking habeas relief, including petitions in the Eastern District of New York, the District of Columbia, the Western District of Oklahoma, the Western District of Louisiana, as well as the instant petition filed in this district. Marino v. United States, Case Nos. 1:07-cv-12069 and 1:07-cv-12070, Doc. No. 1 (transferred to D. Mass as successive §2255)[2]; Marino v. Martinez, Case No. 1:11-cv-1807, Doc. No. 1 (transferred to S.D. W. Va.); Marino v. Kastner et al., 2010 WL 3522455, No. CIV10-664-R, (W.D. Okla. Sept. 8, 2010); Marino v. Sherrod et al., 2012 WL 266855, Civil Action No 1:10-CV-01656 (W.D. La. Jan. 30, 2012); Marino v. Martinez, 2014 WL 5460613, Civil Action No. 1:12-00394 (S.D.W. Va. Oct. 27, 2014). None of these have been successful and most courts have found that petitioner's petitions actually seek relief offered under § 2255, rather than § 2241.

Marino v. Masters, 2017 WL 891294, at *1 (S.D. W. Va. Mar. 6, 2017), *aff'd*, 707 Fed. Appx. 794 (4th Cir. 2018). In addition to the foregoing, the United States District Court for the District of New Jersey recently denied another §2241 petition filed by Marino in Marino v. Ortiz, 2020 WL 3888124, at *1 (D.N.J. July 10, 2020), and on April 8, 2021, the United States District Court for the Western District dismissed two of Marino's §2241 petitions for lack of

---

[2] The District of Massachusetts dismissed the petitions as successive §2255 motions, discussed Marino's extensive history of frivolous filings and enjoined Marino from further filings without first obtaining permission to do so. Id. The court also cautioned Marino that monetary sanctions would be imposed if he failed to abide by its order. Id.

jurisdiction. See Marino v. Trate, 1:20-cv-86 (W.D. Pa.); Marino v. Trate, 1:19-cv-299.

Marino has also filed numerous applications with the First Circuit seeking leave to file successive §2255 motions. The First Circuit also rejected Marino's claim that the government improperly granted immunity to an informant and refused to provide his discovery of exculpatory and impeachment material evidence because he failed to make a showing for a successive §2255 motion. Marino v. United States, No. 15-2285 (1st Cir. Jan. 6, 2016). On November 4, 2019, the First Circuit rejected Marino's motion to file a successive §2255 motion having determined that Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018) did not apply to his convictions. Marino v. United States, No. 16-1708 (1st Cir., Nov. 4, 2019). Marino again petitioned the First Circuit for leave to file a successive §2255 based on United States v. Davis, 139 S.Ct. 2319 (2019). See, Marino v. United States, No. 20-1248 (1st Cir., May 19, 2020). By Judgment dated May 19, 2020, the First Circuit denied the petition for Marino's failure to meet the gatekeeping requirements. Id.

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the

legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). A motion under §2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d

Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative…." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not

be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner attempts to challenge his 1999 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion.

Marino's lack of success in his direct appeal or his subsequent §2255

motions does not render §2255 inadequate or ineffective to address Marino's challenge to his conviction and sentence. "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Marino's petition for a writ of habeas corpus, challenging his underlying conviction and sentence under 28 U.S.C. §2241, for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, Marino's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  September 23, 2021**
20-0648-01